**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KEVIN R. And DONNA S. GORDON :**
**Plaintiffs, :**
**:**
**VS. :**
**:**
**ALLIED HOME MTG CAPITAL CORP., COUNTRYWIDE BANK, N.A. and : AMERICA'S WHOLESALE LENDER as assignees of Allied Home Mtg Capital Corp.**
**Defendants :**
**:**

CA 07 218
**C.A.**

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Allied Home Mtg Capital Corp. (hereinafter "Allied") and Countrywide Bank, N.A. (hereinafter "Countrywide") and America's Wholesale Lender (hereinafter "AWL") as Allied's assignees for violations of the Truth in Lending Act, 15 U.S.C. § 1635 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiffs Kevin and Donna Gordon reside at 25 Roosevelt St.,Warwick, RI 02888.

5. Defendant Allied Home Mtg Capital Corp. is a Texas corporation with its principal place of business at 6110 Pinemont Drive, Suite 215, Houston, TX 77092.

6. Allied enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Allied is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Allied is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. Countrywide Bank, N.A. is the assignee of one of the loans entered into between the Plaintiffs and Allied and therefore, is liable for Plaintiffs' rescission demand.

10. America's Wholesale Lender is the assignee of one of the loans entered into between the Plaintiffs and Allied and therefore, is liable for Plaintiffs' rescission demand.

## FACTS

11. On or about March 3, 2006 Plaintiffs Gordon obtained two (2) loans from Allied secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loans were used for personal, family or household purposes.

12. In connection with the transaction, Plaintiffs Gordon received or signed the following documents:

1. Two notes in the principal amounts of $220,000 and $58,000 respectively;

2. Two mortgages;
3. Two Truth in Lending statements;
4. Two HUD-1 Settlement Statements; and

13. In addition to the above referenced documents, Plaintiff Kevin Gordon received some copies of the Notice of Right to Cancel in connection to both loan transactions.

14. On or about April 17, 2007 Plaintiffs Gordon exercised their extended right to rescind the loan for violations of TILA. Notices of Rescission were sent to Allied. Copies of the notices are attached as <u>Exhibit A-B</u>.

15. The Defendants have refused to honor the Plaintiffs' demands of rescission.

**COUNT I - TRUTH IN LENDING ACT**

16. Plaintiffs incorporate ¶¶ 1-15 as if fully set out herein.

17. Because the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226 which provides that:

(a) <u>Consumer's right to rescind.</u>

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, **a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose** the following:(Emphasis added)

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
(5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor.

18. In connection with one of the loan transactions, between Plaintiffs and Allied and its assignee, AWL, the Notice of Right To Cancel delivered to Mr. Gordon was inherently confusing and did not disclose the Plaintiff's right to rescind in a clear and conspicuous manner in violation

of 15 U.S.C.§1635 and Regulation Z, 12 C.F.R. § 226. A copy of the notice is attached herein as Exhibit C.

17. In connection with the other loan transaction, between Plaintiffs and Allied and its assignee, Countrywide, Mr. Gordon only received one (1) copy of the Notice of Right To Cancel in violation of 15 U.S.C.§1635 and Regulation Z, 12 C.F.R. § 226.

18. Additionally, in connection with both of the above referenced loan transactions, Plaintiff Donna S. Gordon did not receive any material disclosures, including but not limited to, her own two copies of the notice of right to cancel in violation of 15 U.S.C.§1635 and Regulation Z, 12 C.F.R. § 226.

19. By failing to deliver to each consumer two (2) copies of the notice of the right to cancel which clearly and conspicuously discloses the Plaintiff's right to rescind, Allied violated 15 U.S.C.§1635 and Regulation Z,12 C.F.R. § 226.

20. Defendants AWL and Countrywide, as the assignees of the loans entered into between the Plaintiffs and Allied, are liable for Plaintiffs' rescission demands respectively.

21. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Allied Home Mtg Capital Corp and its assignees, Countrywide Bank, N.A and American's Wholesale Lender as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre