UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN R. and DONNA S. GORDON | : | |
| | : | |
| v. | : | C.A. No. 07-218-S |
| | : | |
| ALLIED HOME MTG CAPITAL CORP., | : | |
| COUNTRYWIDE BANK, N.A. and | : | |
| AMERICA'S WHOLESALE LENDER as | : | |
| Assignees of Allied Home Mtg Capital Corp. | : | |

**ALLIED HOME MORTGAGE CAPITAL CORPORATION'S AMENDED ANSWER**

1. Allied Home Mtg Capital Corporation ("Allied") acknowledges Plaintiffs' introductory statement in paragraph 1, but denies Plaintiffs' right to any relief thereunder.

2. Allied admits that this Court has subject matter jurisdiction over the purported claims, but Allied denies Plaintiffs' right to recovery or relief thereunder.

3. Allied admits that venue in this District is proper, but denies Plaintiffs' right to recovery or relief against Allied.

4. Allied is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4.

5. Admitted.

6. Admitted.

7. Paragraph 7 contains a legal conclusion to which no response is required. Moreover, the TILA and Federal Reserve Board Regulation Z speak for themselves. However, to the extent that such conclusion is construed as an allegation of liability against Allied, Allied denies all such allegations.

8. Denied.

9. Denied.

10. Denied.

11. Admitted that on or about March 3, 2006, Plaintiffs Gordon obtained two loans assigned to Countrywide Home Loan, Inc. To the extent the allegation differs therefrom, it is denied. Allied is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the use of the loan proceeds.

12. Admitted that in connection with the transaction, Plaintiffs Gordon received or signed numerous documents including the documents referenced in paragraph 12.

13. Allied incorporates by reference its answer to paragraph 12 above. Admitted that Plaintiffs, Kevin R. Gordon and Donna S. Gordon, acknowledged in writing receipt of two copies of Notice of Right to Cancel. To the extent the allegation differs therefrom, it is denied.

14. Admitted that purported Notices of Rescission are attached as Exhibits A and B to the Complaint, the terms of which speak for themselves. To the extent the allegations differ therefrom, they are denied.

15. Allied did not receive the referenced demands of rescission and the allegation is, therefore, denied.

16. Allied incorporates by reference its answers to paragraphs 1 through 15 as if fully set forth therein.

17. 15 U.S.C. § 1635 and 12 C.F.R. § 226 speak for themselves. To the extent the allegation differs therefrom, it is denied.

18. Denied.

17. (sic) Denied.

18. (sic) Denied.

19. Denied.

20. Denied.

21. 15 U.S.C. § 1635(g) speaks for itself. To the extent the allegation differs therefrom, it is denied.

**FIRST DEFENSE**

The Complaint fails to state a claim against Allied upon which relief can be granted.

**SECOND DEFENSE**

Some or all of the Plaintiffs' alleged claims and damages are or may be the result of the acts or omissions of other parties for whom Allied bears no responsibility.

**THIRD DEFENSE**

Some or all of the Plaintiffs' alleged claims have been waived.

**FOURTH DEFENSE**

Some or all of the Plaintiffs' alleged claims are barred in whole or in part by unclean hands, estoppel and other equitable doctrines.

**FIFTH DEFENSE**

Plaintiffs' Complaint fails to join necessary parties as required by Rule 19 of the Federal Rules of Civil Procedure.

**SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because their own negligence proximately caused their injuries, if any.

WHEREFORE, Allied requests that this Court enter judgment in its favor and against Plaintiffs together with costs.

DEFENDANT, ALLIED HOME
MORTGAGE CAPITAL CORPORATION
By its attorneys,

/s/ Patricia K. Rocha
Patricia K. Rocha, #2793
procha@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: October 18, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2007, I served a true copy of the within Amended Answer **by electronic means (ECF)** on Christopher M. Lefebvre, Esq., P.O. Box 479, Pawtucket, RI 02862 and John B. Daukas, Esq., Goodwin Procter LLP, Exchange Place, Boston, MA 02109-2881.

/s/ Patricia K. Rocha

*432403_1.doc*