**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEVIN R. And DONNA S. GORDON** | : | |
| **Plaintiffs,** | : | **C.A. 07-218-S** |
| | : | |
| **VS.** | : | |
| | : | |
| **ALLIED HOME MTG CAPITAL CORP.,** | : | |
| **COUNTRYWIDE BANK, N.A. and** | : | |
| **AMERICA'S WHOLESALE LENDER as** | : | |
| **assignees of Allied Home Mtg Capital Corp.** | : | |
| **Defendants** | : | |
| | : | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

This action seeks redress against a mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The following facts will be easily established after a brief period of discovery. On or about March 3, 2006 Plaintiffs obtained 2 loans from Allied Home Mortgage Capital Corporation ( hereinafter "Allied"), secured by their residence, for the purpose of debt consolidation. In both transactions, all of the proceeds of the loan were used for personal, family or household purposes. In connection with the Plaintiffs' loan, Allied failed to provide the required disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23 for (without limitation) the following reasons: Plaintiffs did not receive appropriate copies of their notices of right to cancel the first mortgage a violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. The copies of the notice of right to cancel for the equity loan were incomprehensible and totally confusing, a violation of 15 U.S.C. §1635 and

Regulation Z, 12 C.F.R. §226.23. Notice of rescission has been given to the Defendants. However neither Defendant has honored the request to rescind the transactions. The instant lawsuit was filed shortly thereafter to enforce rescission of both loans.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. §601(a). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Under TILA regulations, a creditor is required to "deliver two copies of the notice of the right to rescind" which must "be on a separate document that identifies the transaction" and "**clearly and conspicuously**" discloses the consumer's right to rescind the transaction. 12 C.F.R. § 226.23(b)(1). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 ( N.D.Ill. 1999).

Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232

B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa .1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

In this case, in order for the Plaintiffs to prevail regarding rescission of the first loan, they need only convince the jury that they were not provided with the appropriate number of copies of their material disclosures as defined by the TILA. Inevitably, as is typical in these cases, the Defendant will produce a copy of a completed right to cancel with an acknowledgment that the Plaintiffs received two copies of said document. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiffs and probably via the testimony of the closing agents.

The issue regarding the alleged defective nature of the notice of right to cancel of the equity loan will be ripe for adjudication by the Court via summary judgment. The First Circuit has stated that in determining whether a notice of right to cancel complies with the TILA, an objective standard applies. Palmer v. Champion Mortgage, 465 F.3d 24 (1st Cir.2006). Plaintiffs seek absolute rescission of their loans, an award or statutory damages of $2000.00 for the failure of the Defendants to respond to the rescission notice and payment of all attorneys fees and costs.

Respectfully submitted,

/s/ Christopher M. Lefebvre #4019

LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiff's Pre-Trial Conference Statement upon the Defendants' counsel via the ECF System of the District Court of Rhode Island on the23rd day of October 2007.

/s/ Christopher M. Lefebvre