UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEVIN R. AND DONNA S. GORDON,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED HOME MTG CAPITAL CORP., COUNTRYWIDE BANK, N.A. AND AMERICA'S WHOLESALE LENDER as Assignees of Allied Home Mtg Capital Corp.<br><br>Defendant. | Civil Action No. 07-218 |

**DEFENDANT COUNTRYWIDE BANK, N. A. ANSWER AND COUNTERCLAIM**

Defendant Countrywide Bank, N.A., as assignee of Allied Home Mtg Capital Corp., ("Defendant" or "Countrywide"), hereby answers the Complaint filed by plaintiffs Kevin R. and Donna S. Gordon ("Gordon" or "Plaintiffs"). This Answer is made without waiving, but expressly reserving, all rights that Defendant has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

**"INTRODUCTION"**

1. The allegations in Paragraph 1 are introductory and conclusory in nature, and therefore require no response. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 1.

**"JURISDICTION AND VENUE"**

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

**“PARTIES”**

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4, and therefore denies it.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5, and therefore denies it.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6. In addition, the allegations in Paragraph 6 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and so denies them.

7. The allegation in Paragraph 7 states a conclusion of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and so denies them.

8. The allegations in paragraph 8 are vague, ambiguous, and imprecise. Defendant cannot, therefore, admit or deny them, and so denies them.

9. The allegations in Paragraph 9 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

**“FACTS”**

11. In response to the allegations in the first sentence of Paragraph 11, on information and belief, Defendant admits only that, on or about March 3, 2006, Plaintiffs executed two mortgages in favor of Allied (“Mortgages”). The Mortgages speaks for themselves and are the best

evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 11, and therefore, denies them. With respect to the allegations in the second sentence of Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore, denies them.

12. Defendant admits, on information and belief, only that Plaintiffs received and/or executed (i) two notes in the principal amounts of $220,000.00 and $58,000.00 respectively; (ii) two mortgages; (iii) Truth in Lending statements; and (iv) two Hud-1 Settlement Statements.

13. The allegations in Paragraph 13 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and so denies them. To the extent the allegations in Paragraph 13 are capable of being understood, Defendant admits only that Plaintiffs received and/or executed copies of a Notice of Right to Cancel.

14. The allegations in Paragraph 14 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and so denies them. Further answering, Defendant states that there is a copy of letter dated April 17, 2007 attached to the Complaint as Exhibit A, and a copy of a letter dated April 17, 2007 attached to the Complaint as Exhibit B (collectively, the "April 17, 2007 Letters"). The April 17, 2007 Letters speak for themselves and are the best evidence of their contents.

15. The allegations in Paragraph 15 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and so denies them.

**"COUNT I – TRUTH IN LENDING ACT"**

16. Defendant hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 15 above.

17. The allegations in Paragraph 17 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19 [sic]. The allegations in Paragraph 19 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and so denies them. Further answering, the allegations in Paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19. Defendant notes this Paragraph appears to be incorrectly labeled as "Paragraph 17."

20 [sic]. The allegations in Paragraph 20 are vague, ambiguous and imprecise. Defendant cannot therefore admit or deny them, and so denies them. Further answering, the allegations in Paragraph 20 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20. Defendant notes this Paragraph appears to be incorrectly labeled as "Paragraph 18."

21 [sic]. The allegations in Paragraph 21 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21. Defendant notes this Paragraph appears to be incorrectly labeled as "Paragraph 19."

22 [sic]. The allegations in Paragraph 22 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22. Defendant notes this Paragraph appears to be incorrectly labeled as "Paragraph 20."

23 [sic]. The allegations in Paragraph 23 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23. Defendant notes this Paragraph appears to be incorrectly labeled as "Paragraph 21."

FIRST DEFENSE

Plaintiffs' claims have been waived, in whole or in part.

SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, as a result of the acts of third parties over whom Defendant had no control and is not responsible.

THIRD DEFENSE

Defendant is not responsible for the acts and liabilities of third parties over whom Defendant had no control.

FOURTH DEFENSE

Plaintiffs' claims are barred or limited by the several defenses available under the Truth in Lending Act, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640(c), and the good faith compliance defense under 15 U.S.C. §1640(f).

FIFTH DEFENSE

Plaintiffs' demand for rescission is inequitable and Defendant asks that the rescission procedures, if ordered, be modified as set forth in Defendant's Counterclaim.

SIXTH DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their own negligence proximately caused their injuries, if any.

NINTH DEFENSE

Plaintiffs' damages asserted against Defendant are limited by 15 U.S.C. § 1641(d)(2).

TENTH DEFENSE

Plaintiffs' Complaint fails to join necessary parties in violation of Federal Rule of Civil Procedure 19.

ELEVENTH DEFENSE

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves the right to assert such defenses.

**COUNTERCLAIM**

1. Plaintiffs filed this lawsuit against Defendant, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"). Defendant has denied liability.

2. Defendant denies that the Plaintiffs have a right to rescind the loan. Defendant also denies that it would be equitable to permit any rescission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

**COUNTERCLAIM I**

**Declaration Concerning Rescission Remedies**

3. Defendant hereby incorporates by reference, as if fully set forth herein, their allegations in Paragraphs 1 and 2 above.

4. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

5. When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

6. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

7. Should this Court allow Plaintiffs to rescind the loan, Defendant respectfully requests that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendant and Plaintiffs.

WHEREFORE, Defendant respectfully request that this Court enter judgment:

(1) dismissing the Complaint with prejudice, denying Plaintiffs' requests for relief, awarding Defendant reasonable costs and attorneys' fees incurred in the defense of this action, and granting Defendant such other and further relief as the Court deems just and appropriate to do equity and justice under the circumstances; and

(2) declaring, in the event this Court determines that Plaintiffs properly exercised a valid right of rescission, that the rescission remedy be modified in equity, including but not limited to the entry of an order requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendant and Plaintiffs.

Respectfully submitted,

COUNTRYWIDE BANK N.A.,

By its attorneys,

/s/ John B. Daukas______________
John B. Daukas (R.I Bar No. 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Of Counsel:

U. Gwyn Williams
Jonathan W. Lent
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: October 25, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 25, 2007.

Dated: October 25, 2007

/s/ John B. Daukas______________
John B. Daukas (R.I Bar No. 5437)